FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ FEB 17 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 10- 0678



| | | |
|---|---|---|
| THE PORT AUTHORITY OF | : | Civil Action No. |
| NEW YORK AND NEW JERSEY | : | IRIZARRY, J. |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | POLLAK. M.J |
| AMERICAN STEVEDORING, INC. | : | NOTICE OF REMOVAL |
| Defendant. | : | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

The undersigned, counsel for Defendant American Stevedoring, Inc., a

corporation of the State of New York, pursuant to 28 U.S.C. 1441, hereby removes an

action entitled The Port Authority of New York and New Jersey v American Stevedoring,

Inc., presently filed in the Civil Court of the City of New York, County of Kings,

Commercial Part 52, Index No. L & T 09K105897, to the United States District Court for

the Eastern District of New York.  Removal is appropriate since action is subject to the

original and exclusive maritime jurisdiction of the federal court, because the claim

presents a federal question, because under the Shipping Act, American Stevedoring may

move for injunctive relief in the federal district court while it maintains an action under

the Shipping Act at the Federal Maritime Commission. The grounds for removal are more particularly stated as follows:

1.     American Stevedoring, Inc. is a marine terminal operator under the Shipping Act of 1984, 46 U.S.C. App. 1701 et seq., a federal statute.

2.     The Port Authority of New York and New Jersey is also a marine terminal operator under the Shipping Act, as well as Defendant's landlord.

3.     The Defendant has a right to use and operate upon the leased property to service and carry out numerous marine contracts.

4.     The present eviction action arises from a lease of a marine terminal, consisting of a pier and upland areas where cargo is unloaded from ships and stored or transported to other states in interstate commerce.

5.     Longshoremen and women who work for American Stevedoring, Inc. unload cargo from ships sailing under domestic and foreign flags, which cargo is then transported in interstate commerce by highway, barge, and rail.

6.     American Stevedoring operates in interstate commerce by virtue of its operation at the port at Red Hook at Brooklyn, in New York, and also at Port Newark, in New Jersey, and through the ultimate destination of its cargo in other states through New Jersey and New York.

7.     American Stevedoring also operates in interstate commerce by virtue of its operation of its barge service carrying cargo between the two ports, i.e., Red Hook and Newark, which then moves to other destinations within the several United States.

541683-1

8.    American Stevedoring employs hundreds of longshoremen and women in Newark and Brooklyn, who are represented by the International Longshoremen's Association (ILA), North America's largest union of maritime workers.

9.    Continuation of American's operations at Newark and Red Hook is vital to marine commerce because eviction would interrupt the unloading of cargo from ships and movement of cargo to ultimate destinations.

10.    Interruption of the marine commerce would affect the gainful employment of hundreds of workers at Brooklyn Marine Terminal (Red Hook) and Port Newark and many more in secondary and tertiary related occupations, which in turn would affect the viability of Port Newark and Brooklyn Marine Terminal.

11.    For several years, the Port Authority and American Stevedoring or its subsidiary, American Warehousing, Inc., when it existed, have been engaged in litigation regarding American's and the Port Authority's rights and responsibilities at the piers American Stevedoring leases from the Port Authority at Port Newark and Red Hook.

12.    Two consolidated cases between the parties -- in which American alleged acts of discrimination, favoritism and refusal to negotiate against the Port Authority -- were pending at the Federal Maritime Commission since 2004 and 2005, and recently settled and compromised, resulting in the Port Authority's extending a ten year lease to American Stevedoring. Inc.

13.    Yet American Stevedoring has outstanding setoffs and financial requests and grant applications for aid which aid and financial assistance will be used to pay rent

arrearages described in the tenancy complaint filed in the Civil Court of the City of New York, Kings County.

14.     The Port Authority has been kept apprised of the progress of those requests and applications for aid with the full knowledge that the rent will be paid, and that the Defendant, like many corporations in the nation, is undergoing extreme financial distress due to a fall-off in marine contracts due to a fall-off in consumption of goods and products, as well as other acts by the Port Authority.

15.     Grants in aid depend on several agencies signing off on said applications, and being approved by multiple federal, state and New York City bureaucracies, the timing of which American Stevedoring does not control.

16.     Regardless of American Stevedoring's assurances that its rent will be paid, as soon as aid is received, the Port Authority has filed an action to evict American Stevedoring, which will cause disruption to the ports in both States, and to interstate transportation and commerce and foreign marine commerce.

17.     The Port Authority's action was taken despite Plaintiff's knowledge that Defendant was merely seeking, and Plaintiff had previously agreed to, an extension of time until the grant(s) in aid was or were approved and received.

18.     Reprisal and retaliation is not permitted under New York tenancy law.

19.     Discrimination, unreasonable refusal to deal or negotiate, and acts that cause unreasonable prejudice or disadvantage against a marine terminal operator are not permitted under federal law, Sect. 10 (b)(10) and 10 (d)(4) and of the Shipping Act.

20.     Defendant tenant's efforts to secure and enforce its rights and remedies under the laws of the respective states, and of the United States, and reliance on aid for its

541683-1

operations, resulted in Plaintiff's filing the complaint sounding in eviction against Defendant.

21.     Moreover, Defendant American Stevedoring, Inc has legal and equitable defenses to the eviction action.

22.     The Port Authority will not be prejudiced by a short delay in the receipt of its rent because of the delay in grants in aid to American Stevedoring, because late charges are accruing and will be paid as well, under the lease.  However American Stevedoring, Inc. will be severely prejudiced by loss of its leasehold, the place where its business can and must operate, at Red Hook and Newark.

23.     The specter of ships arriving at Red Hook and Brooklyn Marine Terminal in New York Harbor expecting to dock and be unloaded but finding that the American Stevedoring has been evicted presents a federal, maritime, and commerce clause problem and question that ought not, in the first instance, be decided by the Landlord Tenant Court of the Civil Court of the City of New York.

24.     Grounds for removal of this action exist pursuant to 28 U.S.C. 1441(a), since this court has original and exclusive jurisdiction under 28 U.S.C. 1333, as this case arises under the maritime jurisdiction of the federal courts.

25.     Grounds for removal of this action also exist pursuant to 28 U.S.C. 1441(b), and other sections.

26.     American's defense and the maritime contracts under the lease at issue in the Complaint are governed by the Shipping Act of 1984, and Art. I, Sect. 8 of the United States Constitution.

27.     The Defendant is in the process of initiating a proceeding against the Plaintiff before the Federal Maritime Commission under the federal Shipping Act in order to resolve its claims related to the Plaintiff's discrimination, refusal to deal and negotiate, retaliation against, and unfair dealing with, the Defendant. The Port Authority's efforts to evict American Stevedoring are in violation of the Shipping Act, and this District Court has the authority to restrain the Port Authority from seeking to evict, until American Stevedoring's petition is disposed of by the Federal Maritime Commission, under section 41306.

28.     The amount in controversy requirement is met.

29.     This Notice of Removal is filed within the time limit specified in 28 U.S.C. 1446. Defendant maintains that it was not served with the Notice of Petition and Petition, Commercial Holdover, Index No. 09K105897, Civil Court of the City of New York, County of Kings, Commercial Part 52 on December 14, 2009, as Petitioner alleges. Defendant was only served with the Petition and Notice of Petition, Commercial Holdover, for Index No. 09K105896 on December 14, 2009.

30.     The Defendant initially received a copy of the Notice of Petition and Petition, Commercial Holdover, Index No. 09K105897, Civil Court of the City of New York, County of Kings, Commercial Part 52 on January 19, 2010 via email from the Port Authority's counsel. Service of process has yet to be perfected for Index No. 09K105897 through proper means, and the Defendant continues to dispute personal jurisdiction (and has disputed personal jurisdiction in Kings County Civil Court).

541683-1

31.     The Defendant reserves the right to amend or supplement this Notice of Removal and reserves all defenses, set off claims and counterclaims including changing venue to United States District Court for New Jersey.

32.     Pursuant to 28 U.S.C. 1446(d), a copy of this Notice of Removal is being served on all parties by first class mail, postage prepaid, or by hand delivery, and filed with the Clerk of the Civil Court of the City of New York, Kings County, Commercial Part 52.

33.     WHEREFORE, Defendant American Stevedoring, Inc. notes the removal of this action to this Court on the 16th day of February 2010.

> **SZAFERMAN, LAKIND**
> **BLUMSTEIN & BLADER, P.C.**
>
> Janine G. Bauer, Esq.
> Counsel for American Stevedoring, Inc.
> 101 Grovers Mill Road, Suite 200
> Lawrenceville, New Jersey 08648
> Tel. (609) 275-0400
> Fax. (609) 275-4511

Dated: February 16, 2010

541683-1

# EXHIBIT A

541683-1

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: COMMERCIAL PART 52
-------------------------------------------------------------------

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

                Petitioner-Landlord,

         - against –

AMERICAN STEVEDORING, INC.,

               Respondent-Tenant.

**Respondent's Address:**
Certain waterfront property without any street address
located in the Port Authority-Brooklyn Marine Terminal,
Brooklyn, New York, as more particularly described
below.

-------------------------------------------------------------------

Commercial
Index No. L&T _____

**NOTICE OF PETITION
HOLD OVER**
[Commercial]

Petitioner's Business Address:
225 Park Avenue South
New York, NY 10003

       To the Respondent above-named and described, in possession of the premises

hereinafter described or claiming possession thereof:

       PLEASE TAKE NOTICE that a hearing at which you must appear will be held at

the Civil Court of the City of New York, Landlord Tenant Commercial Part 52, Room 904C,

located at 141 Livingston Street, Brooklyn, New York, County of Kings, on the 23rd day of

December, 2009, at 10:00 A.M., on the annexed petition of The Port Authority of New York and

New Jersey ("Petitioner"), which prays for final judgment of eviction, awarding to the Petitioner

the possession of premises located in the Port Authority-Brooklyn Marine Terminal designated

and described as follows (the "Premises"):

                  that certain Pier No. 8, which is located alongside Colombia Street in the Marine
                  Terminal in Brooklyn, New York 11201 between Pier No. 7 to the northerly
                  direction and Pier No. 9A to the southerly direction, consisting of a pier, fixtures
                  or other improvements and totaling approximately 176,800 square feet together

with the open area located at the easterly side in front of Pier No. 8, which area includes macadamized open land consisting of an additional approximate 27,350 square feet. All such leased premises are more particularly described in the Lease as "the open area shown in diagonal hatching and the enclosed space shown in diagonal crosshatching, all as so shown on a sketch hereto attached, hereby made a part hereof, and marked 'Exhibit A', together with the buildings, structures, fixtures, improvements and other property, if any, of the Port Authority" located therein. A copy of the sketch of the leased premises referenced above and which is attached to the Lease is annexed hereto and made part of this notice as Exhibit A. The description of the leased premises set forth herein is referred to hereinafter as the "Premises".

*of the petition*

The Premises are accessible at the main gate of the Marine Terminal at the foot of Atlantic Avenue, Brooklyn, New York by traversing on Atlantic Avenue in a westerly direction from the intersection of Atlantic Avenue and Colombia Street, Brooklyn, New York and further traversing through the internal macadamized area within the Marine Terminal past Pier No. 7 to Pier 8 and the surrounding area. A copy of an aerial photograph depicting the access to and location of the Premises from the intersection of Atlantic Avenue and Colombia Street, Brooklyn, New York to Pier 8 and the surrounding area consisting of the Premises is annexed hereto and made part of this notice as Exhibit B *of the petition*

and further granting to the Petitioner such other and further relief as is demanded in the petition, which you must answer.

TAKE NOTICE also that demand is made in the petition for monetary judgment against you for the sum of $ 257,976.40 plus other amounts due and owing under the parties' lease with interest thereon, plus any charges for use and occupancy of the Premises as a hold over accruing after 12:00 a.m. on September 2, 2009, the date on which the tenancy was terminated by Petitioner.

TAKE NOTICE that your answer may set forth any defense or counterclaim you may have against the Petitioner, unless such defense or counterclaim is precluded by law or agreement of the parties.

TAKE NOTICE also that if you should fail at such time to interpose and establish any defense that you may have to the allegations of the Petition, you may be precluded from asserting such defense or the claim on which it is based in any other proceeding or action.

TAKE NOTICE that your failure to appear and answer may result in a final judgment by default for the Petitioner in the amount demanded in the Petition.

TAKE NOTICE that under Section 745 of the Real Property Actions and Proceedings Law, you may be required by the Court to make a deposit of use and occupancy, or a payment of use and occupancy to the Petitioner, upon your second request for an adjournment or if the proceeding is not settled or a final determination has not been made by the Court within 30 days of the first court appearance. Failure to comply with an initial deposit or payment order may result in the entry of a final judgment against you without a trial. Failure to make subsequent required deposits or payments may result in an immediate trial on the issues raised in your answer.

Dated:  Brooklyn, New York
        December 8, 2009

_____
Jack Baer
*Clerk of the Civil Court of the City of New York*

HAGAN, COURY & ASSOCIATES*
Attorneys for Landlord-Petitioner
908 Fourth Avenue
Brooklyn, NY 11232
(718) 788-5052

Michael J. Geraghty, Esq.
SAIBER LLC*
44 Wall Street, 12th Floor
New York, New York
(212) 461-2323
Of Counsel for Landlord-Petitioner
The Port Authority of New York and New Jersey

_____

* Please serve papers on both designated attorneys for Petitioner

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: COMMERCIAL PART 52
---------------------------------------------------------------------

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

                       Petitioner-Landlord,

              - against –

AMERICAN STEVEDORING, INC.,

                    Respondent-Tenant.

**Respondent's Address:**
Certain waterfront property without any street address
located in the Port Authority-Brooklyn MarineTerminal,
Brooklyn, New York, as more particularly described
below.

---------------------------------------------------------------------

Commercial
Index No. L&T _____

**PETITION**
**Hold Over**
[Commiercial]

Petitioner's Business Address:
225 Park Avenue South
New York, NY 10003

To the Civil Court of the City of New York, County of Kings: Commercial Part 52:

        THE PETITION OF The Port Authority of New York and New Jersey

("Petitioner" or "Landlord"), landlord of the premises described below, shows that:

        1.      The undersigned is Director of Port Commerce of the Petitioner, a body

corporate and politic created by Compact between the States of New Jersey and New York, with

the consent of the United States Congress, authorized to do business in the State of New York

with a place of business located at 225 Park Avenue South, New York, New York 10003.

        2.      Respondent American Stevedoring, Inc. ("Respondent" or "Tenant"), is,

upon information and belief, a New York corporation having an office and place of business

located at 70 Hamilton Avenue, Brooklyn, New York 11231, and a tenant of the premises that

entered into and continued possession of the premises under an agreement in writing dated on

{00594827.DOC}

May 1, 2008 with Petitioner, as landlord, and Respondent, as tenant, for a period of ten years

starting May 1, 2008 and ending April 30, 2018.

3.       The premises are situated within the territorial jurisdiction of the Civil

Court of the City of New York, County of Kings, in the Port Authority-Brooklyn Marine

Terminal in the Borough of Brooklyn, County of Kings, State of New York, and described more

particularly as follows (the "Premises"):

> that certain Pier No. 8, which is located alongside Colombia Street in the Marine
> Terminal in Brooklyn, New York 11201 between Pier No. 7 to the northerly
> direction and Pier No. 9A to the southerly direction, consisting of a pier, fixtures
> or other improvements and totaling approximately 176,800 square feet together
> with the open area located at the easterly side in front of Pier No. 8, which area
> includes macadamized open land consisting of an additional approximate 27,350
> square feet. All such leased premises are more particularly described in the Lease
> as "the open area shown in diagonal hatching and the enclosed space shown in
> diagonal crosshatching, all as so shown on a sketch hereto attached, hereby made
> a part hereof, and marked 'Exhibit A', together with the buildings, structures,
> fixtures, improvements and other property, if any, of the Port Authority" located
> therein. A copy of the sketch of the leased premises referenced above and which
> is attached to the Lease is annexed hereto and made part of this petition as Exhibit
> A. The description of the leased premises set forth herein is referred to
> hereinafter as the "Premises".

> The Premises are accessible at the main gate of the Marine Terminal at the foot of
> Atlantic Avenue, Brooklyn, New York by traversing on Atlantic Avenue in a
> westerly direction from the intersection of Atlantic Avenue and Colombia Street,
> Brooklyn, New York and further traversing through the internal macadamized
> area within the Marine Terminal past Pier No. 7 to Pier 8 and the surrounding
> area. A copy of an aerial photograph depicting the access to and location of the
> Premises from the intersection of Atlantic Avenue and Colombia Street,
> Brooklyn, New York to Pier 8 and the surrounding area consisting of the Premises
> is annexed hereto and made part of this petition as Exhibit B.

4.       The term for which the Premises were leased by the Respondent expired at

12:00 a.m. on September 2, 2009.

5.       On August 25, 2009, Respondent was duly served in the manner specified

by law and the terms of the parties' lease agreement with a notice in writing, a copy of which is

annexed hereto (with proof of service) and made part of this Petition as Exhibit C, that (a) the

{00594827.DOC}                                    2

Landlord elected to terminate the tenancy on September 2, 2009 in accordance with the terms of the lease based on Respondent's failure to pay rent and other charges due and owing under the lease since April 2009; and (b) unless Respondent vacated the Premises and relinquished possession on the day on which the term of lease was terminated pursuant to such notice, Landlord would commence summary proceedings to remove the Respondent from the Premises.

6.     Despite the termination of the lease and the tenancy, Respondent holds over and continues in possession of said Premises without the permission of Petitioner after the termination of the lease term.

7.     The Premises are not subject to the City Rent and Rehabilitation Law or the Rent Stabilization Law, as amended, because the subject premises are rented for business purposes.

8.     The Premises are not a multiple dwelling.

9.     Petitioner lacks written information or notice of any address where the Respondent has a place of business in New York other than 70 Hamilton Avenue, Brooklyn, New York 11231, which is the address set forth in the parties' lease for notices to be delivered to the Tenant.

10.     Under the terms of the governing lease agreement, Respondent agreed to pay monthly rent as set forth in the lease together with such other lease-related costs, such as attorneys' fees which might be incurred by Petitioner in any action or proceeding to enforce the Petitioner's rights under the lease agreement, and any costs associated, among other things, with the repair and alteration of the Premises.

11.     Pursuant to the parties' lease agreement, Respondent agreed that the value of its use and occupancy as a hold over after the termination of the tenancy would equal double the amount of rent that would otherwise be due under the lease if it had not been terminated

{00594827.DOC}                                           3

earlier for the entire hold over period.

12.   Based on the monthly rent set forth in the parties' lease agreement, the per diem rent rate for the premises before the termination of the lease agreement totaled at least $1,669.29. Accordingly, the value of Respondent's use and occupancy of the Premises after September 2, 2009 at 12:00 a.m. is at the rate of at least $1,669.29 per diem, which amount doubled, as provided by the lease agreement, totals at least $3,338.57 per diem.

13.   No monies for rent and/or "use and occupancy" have been received or accepted by Petitioner since Respondent's payment for rent and other charges that were due under the parties' lease agreement for March, 2009.

WHEREFORE Petitioner requests a final judgment awarding Petitioner: (a) possession of the Premises with the issuance of a warrant to remove Respondent from possession of the Premises; and (b) judgment in the amount of at least $257,976.40 for past due rent plus other amounts including late charges due and owing as rent under the lease through and including September 1, 2009; and the fair value of the use and occupancy of the Premises from September 2, 2009 at 12:00 a.m. in an amount to be determined by the Court, together with interest, in addition to any other compensatory damages incurred by Petitioner for which it is entitled to recover against Respondent under the parties' lease and (c) the reasonable costs of collection incurred by Petitioner including, but not limited to, attorney's fees, and costs and disbursements of these proceedings and such other and further relief as the court deems just and equitable.

Dated: New York, New York
December 8, 2009.

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY

By: _____

Name: Richard M. Larrabee
Title:   Director of Port Commerce

STATE OF NEW YORK, COUNTY OF NEW YORK          ss.:

The undersigned, Director of Port Commerce of Petitioner, being duly sworn, states:

(1) I have read the foregoing Petition; and

(2) the contents of the foregoing Petition are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief and as to those matters I believe them to be true. The source of my information is the books and records maintained by Petitioner.

(3) This verification is made by deponent because the Petitioner is a corporate and political body formed under Compact between the States of New York and New Jersey.

Sworn to before me
this 8th day of December, 2009

Name:  Richard M. Larrabee



William J. Coury, Esq.
HAGAN, COURY & ASSOCIATES*
Attorneys for Landlord-Petitioner
908 Third Avenue
Brooklyn, NY 11232
(718) 788-5052

Michael J. Geraghty, Esq.
SAIBER LLC*
Of Counsel for Landlord-Petitioner
The Port Authority of New York and New Jersey
44 Wall Street, 12th Floor
New York, New York
Tel. (212) 461-2323
Fax: (212) 461-2324

* Please serve papers on both designated attorneys for Petitioner

{00594827.DOC}                                            5

Exhibit A



| AMERICAN STEVEDORING, INC. | BP-308 |

N

Atlantic Ave.

Pier 7

Wharf Apron Areas

Pier 8

Congress St.

Open Associated Area

Pier 9a

Columbia St.

| Initialed: | EXHIBIT : | THE PORT AUTHORITY OF NY & NJ |
| For the PORT AUTHORITY | A | BROOKLYN - PORT AUTHORITY MARINE TERMINAL |
| For the Lessee | | Date:   April 1, 2008 |

Exhibit B



Exhibit C

NOTICE OF TERMINATION

TO:   American Stevedoring Inc.
      70 Hamilton Avenue
      Brooklyn, NEW YORK 11231

      Attention:   Sabato F. Catucci

      Re:   Brooklyn-Port Authority Marine Terminal – Brooklyn, New York
            LEASE No. BP308

Gentlemen:

        The undersigned, THE PORT AUTHORITY OF NEW YORK AND NEW
JERSEY (hereinafter "Port Authority"), entered into an agreement with American Stevedoring,
Inc. (hereinafter "ASI"), dated as of April 30, 2008, setting forth the terms and conditions of the
lease of those certain premises located at the Brooklyn-Port Authority Marine Terminal
(hereinafter "Brooklyn Marine Terminal") in the borough of Brooklyn, County of Kings, City
and State of New York 11201 (which lease agreement, as the same may have been heretofore
supplemented and amended, is hereinafter called "the Lease").  The leased premises are not
located on a public road and have no assigned postal address and are more specifically described
as follows:

            that certain Pier No. 8, which is located alongside Colombia Street in the Marine
            Terminal in Brooklyn, New York 11201 between Pier No. 7 to the northerly
            direction and Pier No. 9A to the southerly direction, consisting of a pier, fixtures
            or other improvements and totaling approximately 176,800 square feet together
            with the open area located at the easterly side in front of Pier No. 8, which area
            includes macadamized open land consisting of an additional approximate 27,350
            square feet.  All such leased premises are more particularly described in the Lease
            as "the open area shown in diagonal hatching and the enclosed space shown in
            diagonal crosshatching, all as so shown on a sketch hereto attached, hereby made
            a part hereof, and marked 'Exhibit A', together with the buildings, structures,
            fixtures, improvements and other property, if any, of the Port Authority" located
            therein. A copy of the sketch of the leased premises referenced above and which
            is attached to the Lease is annexed hereto and made part of this notice as Exhibit
            A.  The description of the leased premises set forth herein is referred to
            hereinafter as the "Premises".

        The Premises are accessible at the main gate of the Marine Terminal at the foot of
Atlantic Avenue, Brooklyn, New York by traversing on Atlantic Avenue in a
westerly direction from the intersection of Atlantic Avenue and Colombia Street,
Brooklyn, New York and further traversing through the internal macadamized
area within the Marine Terminal past Pier No. 7 to Pier 8 and the surrounding
area.  A copy of an aerial photograph depicting the access to and location of the

{00581552.DOC}

Premises from the intersection of Atlantic Avenue and Colombia Street, Brooklyn, New York to Pier 8 and the surrounding area consisting of the Premises is annexed hereto and made part of this notice as Exhibit B.

PLEASE TAKE NOTICE that ASI has failed to pay the following rentals and other charges due under the Lease: Container Throughput and Cargo Rental and Equipment Rental for the period from January 1, 2009 through August 10, 2009, both dates inclusive, which unpaid rentals for such period total $257,976.40; and late fees which are additional rent under the Lease for the period from April 1, 2009 through and including July 13, 2009, totaling $8,024.00. The detail of the calculation of the unpaid rentals and late charges is set forth in the schedule attached hereto as Exhibit C.

PLEASE TAKE NOTICE that this notice supersedes in its entirety the notice of termination dated July 14, 2009 that was personally delivered to ASI by Port Authority on July 15, 2009 and such prior notice is hereby deemed withdrawn, null and void and of no effect whatsoever.

PLEASE TAKE FURTHER NOTICE that ASI's failure to make timely payment of rentals and other charges as required by the Lease constitutes a ground for termination of the Lease. Subparagraph (a) (10) of Section 22 of the Lease, entitled "Termination," contains a conditional limitation which states in relevant part:

(a) If any one or more of the following events shall occur, that is to say:

*          *          *

(10)  The Lessee shall fail duly and punctually to pay the rental or to make any other payment required under this Agreement when due to the Port Authority;

*          *          *

then upon the occurrence of any such event or at any time thereafter during the continuance thereof, the Port Authority may by five (5) days' written notice terminate the letting and the rights of the Lessee under this Agreement, such termination to be effective upon the date specified in such notice. Such right of termination and exercise thereof shall be and operate as a conditional limitation.

PLEASE TAKE FURTHER NOTICE that, as a result of ASI's default in the payment of rentals under the Lease as required therein, the Port Authority hereby elects to terminate the Lease and the term of letting effective as of 12:00 a.m. on September 2, 2009. Accordingly, as of 12:00 a.m. on September 2, 2009, ASI's right to occupy and use the Premises and any other rights incidental thereto shall terminate without any further notice of termination and ASI shall cease all such use and occupancy of the Premises. Accordingly, ASI shall surrender the Premises peaceably to the Port Authority on or before 12:00 a.m. on September 2, 2009 and shall at that time have removed from the Premises all its equipment, removable fixtures

and other personal property owned by ASI or any third party that is in the possession of ASI in or about the Premises and shall have ceased operation of all activities in such Premises.

PLEASE TAKE FURTHER NOTICE that, in the event ASI does not surrender the Premises to the Port Authority on or before 12:00 a.m. on September 2, 2009 as demanded in this written notice, the Port Authority shall commence a summary proceeding against ASI to enforce the termination of the Lease and take possession of the Premises. The Port Authority also reserves the right to take any action against ASI to seek recovery of any and all unpaid rentals and other charges that are due and owing under the Lease through the date of termination and to seek recovery of any damages or losses of any nature incurred by the Port Authority that are the responsibility of ASI under the Lease or applicable law together with any other action necessary to protect Port Authority's interest in the Premises.

PLEASE TAKE FURTHER NOTICE, that any tender by ASI of any unpaid rental to the Port Authority through a lockbox or otherwise including tender of any rentals or other charges under the Lease to any employee, agent or representative of the Port Authority shall not constitute a knowing and voluntary waiver of this notice of termination of the Lease by the Port Authority.

DATED:    New York, New York
              August 25, 2009

                              THE PORT AUTHORITY OF NEW YORK
                                   AND NEW JERSEY

                          By                            
                                  R.M. Larrabee
                          (Title) Director, Port Commerce Department

3

# EXHIBIT A



# EXHIBIT B



# EXHIBIT C

THE PORT AUTHORITY OF NEW YORK & NEW JERSEY
STATEMENT OF ACCOUNT- AMERICAN STEVEDORING A/R# 402323
AS OF AUGUST 10, 2009

| INVOICE # | DATE ISSUED | AMOUNT | AGREEMENT | DESCRIPTION |
|---|---|---|---|---|
| **Rental of Piers 9A, 9B & 10 -Red Hook Container Terminal** | | | | |
| 1800490911 | 6/11/2009 | 27,790.00 | BP-BP 307 | * 01/01/2009-01/31/2009: Containers-Marine- % |
| 1800490907 | 6/11/2009 | 69,475.00 | BP-BP 307 | * 01/01/2009-01/31/2009: Throughput/Moves - % |
| 1800490912 | 6/11/2009 | 39,160.00 | BP-BP 307 | * 02/01/2009-02/28/2009: Containers-Marine- % |
| 1800490908 | 6/11/2009 | 97,900.00 | BP-BP 307 | * 02/01/2009-02/28/2009: Throughput/Moves - % |
| 1800490913 | 6/11/2009 | 36,040.00 | BP-BP 307 | * 03/01/2009-03/31/2009: Containers-Marine- % |
| 1800490909 | 6/11/2009 | 90,100.00 | BP-BP 307 | * 03/01/2009-03/31/2009: Throughput/Moves - % |
| 1800490914 | 6/11/2009 | 41,680.00 | BP-BP 307 | * 04/01/2009-04/30/2009: Containers-Marine- % |
| 1800490910 | 6/11/2009 | 104,200.00 | BP-BP 307 | * 04/01/2009-04/30/2009: Throughput/Moves - % |
| 346325 | 12/30/2008 | 192,477.00 | BP-BP 286 | Audit finding for add. equipment rental 03/01/03-04/30/08 |
| 348764 | 12/30/2008 | 203,256.00 | | LATE FEE ON AUDIT FINDING BILLED ON INVOICE 346325 |
| 348814 | 12/30/2008 | 17,863.00 | BP-BP 286 | Audit finding for add. Rental usage 03/01/03-04/30/08 |
| 348767 | 12/30/2008 | 18,863.00 | | LATE FEE ON AUDIT FINDING BILLED ON INVOICE 346814 |
| Total | | $ 938,804.00 | | |
| **Rental of Pier 8 Shed** | | | | |
| 407992 | 4/1/2009 | 44,936.67 | BP-BP 308 | *04/01/2009-04/30/2009-Marine Term Tenants |
| 407992 | 4/1/2009 | 3,683.33 | BP-BP 308 | *04/01/2009-04/30/2009-Marine Term Tenants |
| 410690 | 5/1/2009 | 3,683.33 | BP-BP 308 | *05/01/2009-05/31/2009-Marine Term Tenants |
| 410690 | 5/1/2009 | 44,936.67 | BP-BP 308 | *05/01/2009-05/31/2009-Marine Term Tenants |
| 422720 | 7/1/2009 | 1,348.10 | BP-BP 308 | *05/01/2009-05/31/2009-Marine Term Tenants |
| 422720 | 7/1/2009 | 110.5 | BP-BP 308 | *05/01/2009-05/31/2009-Marine Term Tenants-fu incr |
| 419207 | 6/1/2009 | 44,936.67 | BP-BP 308 | *05/01/2009-05/31/2009-Marine Term Tenants-fu incr |
| 419207 | 6/1/2009 | 3,683.33 | BP-BP 308 | *06/01/2009-06/30/2009-Marine Term Tenants |
| 422720 | 7/1/2009 | 1,348.10 | BP-BP 308 | *06/01/2009-06/30/2009-Marine Term Tenants |
| 422720 | 7/1/2009 | 110.5 | BP-BP 308 | *06/01/2009-06/30/2009-Marine Term Tenants-fu incr |
| 422720 | 7/1/2009 | 3,793.83 | BP-BP 308 | *07/01/2009-07/31/2009-Marine Term Tenants |
| 422720 | 7/1/2009 | 46,284.77 | BP-BP 308 | *07/01/2009-07/31/2009-Marine Term Tenants |
| 425279 | 8/1/2009 | 46,284.77 | BP-BP 308 | *08/01/2009-08/31/2009-Marine Term Tenants |
| 425279 | 8/1/2009 | 3,793.83 | BP-BP 308 | *08/01/2009-08/31/2009-Marine Term Tenants |

| Invoice | Date | Amount | Description |
|---|---|---|---|
| 346818 | 12/30/2008 | 9,042.00 | BP-BP 274 Audit finding for add. Rental usage 03/01/03-04/30/08 |
| **Total** | | **$ 257,976.40** | |

**Rental of Bldg.138 - Port Newark**

| Invoice | Date | Amount | Description |
|---|---|---|---|
| 407994 | 4/1/2009 | 140,000.00 | PN-LPN281 *04/01/2009-04/30/2009-Marine Term Tenants |
| 407994 | 4/1/2009 | 70,000.00 | PN-LPN281 *04/01/2008-04/30/2009-Marine Term Tenants |
| 410771 | 5/1/2009 | 72,100.00 | PN-LPN281 *05/01/2009-05/31/2009-Marine Term Tenants |
| 410771 | 5/1/2009 | 144,200.00 | PN-LPN281 *05/01/2009-05/31/2009-Marine Term Tenants |
| 419719 | 6/1/2009 | 144,200.00 | PN-LPN281 *06/01/2009-06/30/2009-Marine Term Tenants |
| 419719 | 6/1/2009 | 72,100.00 | PN-LPN281 *06/01/2009-06/30/2009-Marine Term Tenants |
| 423256 | 7/1/2009 | 72,100.00 | PN-LPN281 *07/01/2009-07/31/2009-Marine Term Tenants |
| 423256 | 7/1/2009 | 144,200.00 | PN-LPN281 *07/01/2009-07/31/2009-Marine Term Tenants |
| 425808 | 8/1/2009 | 72,100.00 | PN-LPN281 *07/01/2009-07/31/2009-Marine Term Tenants |
| 425808 | 8/1/2009 | 144,200.00 | PN-LPN281 *08/01/2009-08/31/2009-Marine Term Tenants |
| 346320 | 12/30/2008 | 14,595.00 | PN-LPN248 Audit finding for add. Dockage Fees 03/01/03-04/30/08 |
| 347791 | 12/30/2008 | 6,561.00 | PN-LPN248 LATE FEE ON AUDIT FINDING BILLED ON INVOICE 346320 |
| 346317 | 12/30/2008 | 5,662.00 | PN-LPN248 Audit finding for add. Wharfage Fees 03/01/03-04/30/08 |
| 345227 | 12/29/2008 | 2,399.00 | PN-LPN248 LATE FEES ON AUDIT FINDINGS BILLED ON LPN248 |
| **Total** | | **$ 1,104,417.00** | |

**Miscellaneous Billing**

| Invoice | Date | Amount | Description |
|---|---|---|---|
| 425265 | 7/27/2009 | 293.45 | BP-MBP600 METERED WATER |
| 422721 | 7/1/2009 | 2,500.00 | BP-MRT005M *07/01/2009-09/30/2009-Unclassified Tenants |
| 422511 | 6/24/2009 | 1,125.00 | PN-MPN203 MISC REVENUE 12245 |
| 425206 | 7/24/2009 | 739.56 | PN-MPN600 WATER / SEWER 12298 |
| **Total** | | **$ 4,658.01** | |

**Late Charges:**

| Date | Amount | Description |
|---|---|---|
| 3/19/2009 | 5,012.77 | Late Charge |
| 3/19/2009 | 8,107.90 | Late Charge |
| 3/19/2009 | 36.82 | Late Charge |
| 9/22/2008 | 792.84 | Late Charge |
| 9/22/2008 | 801.75 | Late Charge |
| 9/22/2008 | 1,987.66 | Late Charge |
| 10/17/2008 | 2,890.19 | Late Charge |
| 10/17/2008 | 1,534.54 | Late Charge |
| 10/17/2008 | 3,847.06 | Late Charge |

| | | |
|---|---:|---|
| 11/20/2008 | 4,819.92 | Late Charge |
| 11/20/2008 | 2,378.52 | Late Charge |
| 11/20/2008 | 2,405.25 | Late Charge |
| 11/20/2008 | 5,962.98 | Late Charge |
| 1/17/2009 | 7,416.87 | Late Charge |
| 1/17/2009 | 7,500.30 | Late Charge |
| 2/17/2009 | 3,964.20 | Late Charge |
| 2/17/2009 | 7,373.12 | Late Charge |
| 7/17/2009 | 10,140.76 | Late Charge |
| 7/17/2009 | 2,301.81 | Late Charge |
| 7/17/2009 | 8,677.68 | Late Charge |
| 6/17/2009 | 44,620.45 | Late Charge |
| 6/17/2009 | 10,306.92 | Late Charge |
| 6/17/2009 | 7,308.24 | Late Charge |
| 6/17/2009 | 4,214.34 | Late Charge |
| 6/17/2009 | 40.77 | Late Charge |
| 5/17/2009 | 9,207.24 | Late Charge |
| 5/17/2009 | 3,163.79 | Late Charge |
| 4/17/2009 | 40.77 | Late Charge |
| 4/17/2009 | 9,778.37 | Late Charge |
| 4/17/2009 | 6,342.72 | Late Charge |
| **Total** | **$ 182,976.55** | |

**Cash on Account**

| | | |
|---|---:|---|
| 700432 | 4/8/2005 | -5,489.19 | SECURITY DEPOSIT |
| 700432 | 4/8/2005 | -14,017.22 | SECURITY DEPOSIT |
| **Total** | **$ (19,506.41)** | |

**Total Balance as of August 10, 2009    $   2,469,325.55**

Affidavit

## AFFIDAVIT OF SERVICE OF NOTICE OF TERMINATION OF LEASE AGREEMENT

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )

PATRICIA KEOUGH, being duly sworn, deposes and says:

1.    I am over the age of 18 and am not a party to this action, and employed by The Port Authority of New York and New Jersey ("Port Authority").

2.    On Tuesday August 25, 2009 at approximately 12:31 p.m., I personally delivered three copies of a Notice of Termination, a copy of which is annexed hereto, of that certain lease agreement (**Lease No. BP308**) between Port Authority and American Stevedoring, Inc. ("ASI") dated as of April 30, 2008 (the "Lease") to Mr. Sabato F. Catucci, who is the Chief Executive Officer of ASI, at the offices of ASI located at 70 Hamilton Avenue, Brooklyn, New York.

3.    Mr. Catucci, who was the person to whom I delivered the copies of the Notice of Termination at ASI's offices, is approximately 5'9" tall and weighs approximately 170 pounds. He appeared to be approximately 70 years of age.

4.    A copy of the Notice of Termination annexed hereto was properly enclosed and sealed in a post-paid wrapper and properly addressed to ASI to the attention of Mr. Catucci, as Chief Executive Officer of ASI, at 70 Hamilton Avenue, Brooklyn, New York 11231, that address being the same address specified in the Lease at Section 30(b) for delivery of notices to ASI, as Tenant, and mailed on August 26, 2009 for delivery via first class mail and certified mail, return receipt requested.

{00578893.DOC}

5. As an employee of the Port Authority working within the scope of my employment, I am not required to be a licensed process server or serve process less than five times in any one year because Subchapter 23 (§20) of the Administrative Code of the City of New York which requires that service of process must be performed by a licensed process server, or by individual who has effectuated service of process five or less times in any one year provides an exception that states"[t]he provisions of this subchapter shall not apply to any employee of any city, state or federal department or agency, who is acting within the scope of his or her employment." ADMINISTRATIVE CODE OF THE CITY OF NEW YORK, Subchapter 23, §20-405  The Port Authority is an agency of the States of New York and New Jersey created by an Interstate Compact between them to which Congress consented (Ch. 154, Laws of N.Y., 1921; Ch. 151, Laws of N.J., 1921; 42 U.S. Stat. 174, 1921).  Therefore, the Port Authority and its employees are not subject to the provisions of Subchapter 23 of the Administrative Code of the City of New York.

PATRICIA KEOUGH

Sworn to before me this
_____ day of September, 2009

NOTARY PUBLIC
PATRICIA W. DUEMIG
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires July 26, 2013

Index No.:

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

Landlord,

– against –

AMERICAN STEVEDORING, INC.,

Tenant.

## NOTICE OF TERMINATION
## AND DEMAND FOR POSSESSION

**MILTON H. PACHTER**

Attorney for Landlord,
The Port Authority of New York & New Jersey

Office and Post Office Address
225 Park Avenue South
13th Floor
New York, New York 10003
(212) 435-3488

Due and proper service of a copy of the within is hereby admitted.

Dated: New York, New York                    , 2009.

Attorney for Landlord

---

SIR :
  Please take notice that the within is a true copy of                    , duly
made and entered herein in the office of
the Clerk of the within entitled Court.
Dated, New York,                    , 2009

  Yours, etc.,

**MILTON H. PACHTER**

Attorney for Landlord,
The Port Authority of New York & New Jersey

Office and Post Office Address
225 Park Avenue South
13th Floor
New York, New York 10003
                    , Esq.

To:

Attorney for

SIR :
  Please take notice that
of which the within is a true copy will be presented for
settlement and signature to
one of the                    of the within named
Court at
in the County of
the        day of                    , 2009     on
at        o'clock in the forenoon, or as soon
thereafter as counsel can be heard.

Dated, New York,                    , 2009

  Yours, etc.,

**MILTON H. PACHTER**

Attorney for Landlord,
The Port Authority of New York & New Jersey

Office and Post Office Address
225 Park Avenue South
13th Floor
New York, New York 10003
                    , Esq.

To:

Attorney for Landlord

Index No.                                                    Year

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: COMMERCIAL PART 52

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

                                Petitioner-Landlord,

       -against-

AMERICAN STEVEDORING, INC.,

                                Respondent-Tenant.

**Respondent's Address:**
Certain waterfront property without any street address
located in the Port Authority-Brooklyn Marine Terminal,
Brooklyn, New York.

---

### NOTICE OF PETITION HOLD OVER

---

## HAGAN, COURY & ASSOCIATES

          Attorneys for      Petitioner

908 FOURTH AVENUE
BROOKLYN, NEW YORK 11232
(718) 788-5052

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.*

Dated:  December 11, 2009               Signature: _____

                               Print Signer's Name  Paul Golden _____

---

*Service of a copy of the within*                                    *is hereby admitted.*

*Dated:*

                                  _____
                                  *Attorney(s) for*

PLEASE TAKE NOTICE

     □         that the within is a (certified) true copy of an
NOTICE OF     entered in the office of the clerk of the within named Court on                20
ENTRY

     □         that an Order of which the within is a true copy will be presented for settlement to the
NOTICE OF     Hon.                        one of the judges of the within named Court,
SETTLEMENT at
           on                  20    , at            M.

Dated:

                                     **HAGAN, COURY & ASSOCIATES**

                        Attorneys for          Defendants

                                     908 FOURTH AVENUE
                                     BROOKLYN, NEW YORK 11232